LAGESEN, P. J.
Petitioner seeks judicial review of a final order of the Land Use Board of Appeals (LUBA). In that order, LUBA affirmed the decision of a City of Portland hearings officer in which the hearings officer rejected petitioner's challenges to certain conditions that the city placed on its approval of petitioner's application to divide his 1.06 acre property into three separate parcels. In particular, the hearings officer determined that a condition requiring petitioner to dedicate a two- to seven-foot wide right-of-way along the site's frontage along SE 122nd Avenue to accommodate future street improvements was not an unconstitutional exaction of property in violation of the Fifth and Fourteenth Amendments to the United States Constitution under Nollan v. California Coastal Comm'n , 483 U.S. 825, 107 S.Ct. 3141, 97 L.Ed.2d 677 (1987), and Dolan v. City of Tigard , 512 U.S. 374, 114 S.Ct. 2309, 129 L.Ed.2d 304 (1994). In addition, the hearings officer determined that the city permissibly conditioned its approval on the requirement that petitioner execute street and storm sewer waivers of remonstrance for future storm sewer and street improvements. Before us, petitioner contends that the hearings officer erred in both respects and that LUBA erred in concluding otherwise. For the reasons that follow, we conclude that the hearings officer's and LUBA's rejections of petitioner's unconstitutional exaction claim were based on an erroneous understanding of Nollan and *988 Dolan . We also conclude that LUBA erred in upholding the condition requiring that petitioner sign waivers of remonstrance on the basis that it did. We therefore reverse and remand.
BACKGROUND
To frame the discussion, we start with an overview of the constitutional limitations on governmental exactions of private property as conditions of land use approvals. Under Nollan and Dolan , the Fifth and Fourteenth Amendments permit the government to exact a dedication of private property as a condition of approval of a land use permit if the government demonstrates (1) a nexus between a governmental interest that would furnish a valid ground for the denial of the permit and the exaction of property, and
(2) that the nature and extent of the exaction are roughly proportional to the effect of the proposed development. Brown v. City of Medford , 251 Or. App. 42, 47, 283 P.3d 367 (2012). For purposes of the first element, a governmental interest is one that allows the denial of a permit if the impacts of the project, alone or with other construction, would substantially impede that interest. Nollan , 483 U.S. at 835-36, 107 S.Ct. 3141. The purpose of the Nollan / Dolan framework is to "enable permitting authorities to insist that applicants bear the full costs of their proposals while still forbidding the government from engaging in 'out-and-out ... extortion' that would thwart the Fifth Amendment right to just compensation." Koontz v. St. Johns River Water Management Dist. , 570 U.S. 595, 606, 133 S.Ct. 2586, 186 L.Ed.2d 697 (2013) (ellipsis in original).
In this case, petitioner applied to the city to divide his property into three separate parcels. Under petitioner's proposal, an existing residence would remain on one of the new parcels and two new single-family residences would be permitted to be constructed on the other two parcels. The property fronts on two streets, SE 122nd Drive and SE 124th Avenue. The widths of those streets do not meet current city standards. The streets also do not contain improvements meeting current city standards and are not wide enough to accommodate those improvements.
The city approved petitioner's application, but imposed several conditions of approval. First, the city required petitioner to dedicate additional rights-of-way along SE 122nd Drive and SE 124th Avenue so that those streets could be brought into compliance with city standards governing street width and improvements. It required those dedications to meet city standards even though it had found, when evaluating the transportation impacts of petitioner's proposed development, that "the transportation system is capable of safely supporting the proposed development in addition to the existing uses in the area for all travel modes" and that "[n]o mitigation is necessary for the transportation system to be capable of safely supporting the proposed development in addition to the existing uses in the area." The city also imposed a condition requiring that petitioner "complete
street and storm sewer waivers of remonstrance (for future street and storm sewer improvements) as required by the City Engineer."
Petitioner appealed the decision to a city hearings officer. He challenged the condition requiring that he dedicate additional rights-of-way along SE 122nd Drive and SE 124th Avenue, and also the condition requiring that he sign waivers of remonstrance. He argued that the right-of-way dedication requirements were unconstitutional because they were not supported by findings that the impacts of the proposed development were sufficient to justify the conditions under the analysis required by Nollan and Dolan , especially in view of the city's findings that the transportation impacts of the project were insufficient to require mitigation. He further contended that the requirement that he sign waivers of remonstrance violated Portland City Code (PCC) 33.800.070.
In response, the city abandoned the condition requiring that petitioner dedicate a right-of-way along SE 124th Avenue. As to the dedication required along SE 122nd Drive, the city contended that the right-of-way standards contained in PCC 33.654.120 required petitioner to demonstrate that the local street right-of-way adjacent to petitioner's property met current city design standards for rights-of-way, entitling the city to *989 deny petitioner's application if it did not. That, in the city's view, permitted it to condition petitioner's permit on petitioner's dedication of sufficient land to bring the right-of-way into compliance with current city standards governing the width of rights-of-way and improvements in rights-of-way. Further, the city submitted evidence demonstrating that petitioner's proposed development would increase traffic along SE 122nd by approximately five percent. According to the city's analysis, the dedication that it was requiring along SE 122nd Drive would amount to at most four percent of petitioner's total property, making that dedication requirement proportionate to the impact on traffic that the development would have.
The hearings officer agreed with the city. Rejecting petitioner's argument that the right-of-way design standards contained in PCC 33.654.120 apply only to rights-of-way
included on the property within a proposed land division, the hearings officer determined that those design standards also applied to rights-of-way serving the property, such that the city could deny a permit application if those rights-of-way did not meet the design standards. The hearings officer further determined that the required dedication of the right-of-way substantially advanced the governmental interest in having the right-of-way meet the required design standards for right-of-way width and improvement, and that the exaction at issue satisfied the Nollan / Dolan requirement that it be "roughly proportional" to the impacts of the proposal. As to petitioner's challenge to the requirement that he sign waivers of remonstrance, the hearings officer concluded that PCC 33.800.070, which allows the city to impose conditions to ensure enforcement of other code provisions, authorized the condition because, pursuant to PCC 17.88.020, the city would have been permitted to require petitioner to construct improvements himself and that, therefore, the condition was appropriate to ensure the enforcement of that requirement.
Petitioner next appealed to LUBA, again challenging the imposition of the right-of-way dedication condition as unconstitutional under Nollan and Dolan . LUBA affirmed. It concluded that the hearings officer correctly concluded that PCC 33.654.120 required petitioner to demonstrate that the right-of-way adjacent to his property met city design standards, and that the city was entitled to deny his permit if it did not. LUBA further determined that the hearings officer had correctly analyzed and rejected petitioner's challenge under Nollan and Dolan .
LUBA also concluded that the city permissibly required petitioner to sign waivers of remonstrance, but did so on a basis different from that on which the hearings officer relied. Applying its own decision in Clark v. City of Albany , 31 Or. LUBA 375, 380, aff'd , 144 Or. App. 192, 924 P.2d 877 (1996), LUBA concluded that the condition was permissible because there was substantial evidence to support findings by the city "that there is a need for a local improvement district and that petitioner's development will both contribute to the need for those improvements and be benefited by them."
Petitioner petitioned for judicial review. He reiterates his argument that the city's right-of-way design criteria, properly construed, do not apply to rights-of-way that are located outside of a proposed land division. He also argues that the hearings officer and LUBA misapplied the analysis required under Nollan and Dolan in many respects, including in their analysis of whether the city had demonstrated a governmental interest that would permit the denial of petitioner's permit. In particular, petitioner asserts that the hearings officer erred when he determined that the city could demonstrate, for purposes of Nollan and Dolan , a valid basis for the denial of a permit without a demonstration of how the specific impacts of the project would interfere with the city's legitimate interests: "[T]he City cannot rely on a criteria that may, in a theoretical sense, apply to a land division and claim that it can deny an application without any specific impacts that cause the proposal to fail to meet that criteria." As to the condition requiring the waivers of remonstrance, petitioner argues, among other things, that LUBA's reliance on Clark is misplaced because the hearings officer did not make the particular findings required under that decision.
*990 In response, the city argues that its approval criteria for land divisions require an applicant to demonstrate that the existing rights-of-way serving the property comport with the city's design standards. Thus, according to the city, it could have denied petitioner's permit based on the fact that SE 122nd Drive is not as wide as those standards require and does not contain the improvements required by those standards. Because it could have denied petitioner's permit for that reason under those standards, the city reasons that, under Nollan and Dolan , it could condition petitioner's permit on the requirement that he dedicate a sufficient right-of-way to bring SE 122nd into compliance with those standards, provided the amount of property that the city exacted was roughly proportionate to the impacts of petitioner's project. As to the condition requiring the waivers of remonstrance, the city argues that the hearings officer correctly determined that the city could have required petitioner to construct any required improvements himself under PCC 17.88.020 and that the condition
is an appropriate mechanism to ensure enforcement of that requirement, as allowed by PCC 33.800.070. The city also argues that LUBA's alternative analysis as to the appropriateness of the condition because of the future need for a local improvement district is correct and, in particular, that LUBA correctly applied the substantial evidence standard in concluding that the city's findings were sufficient to support the condition.
ANALYSIS
On review of a LUBA decision reviewing a local hearings officer's determination of the constitutionality of an exaction of private property under Nollan and Dolan , we review for legal error, examining the hearings officer's decision directly "without applying any deferential review standard." Art Piculell Group v. Clackamas County , 142 Or. App. 327, 332, 922 P.2d 1227 (1996) ; see also ORS 197.850(9) ; McClure v. City of Springfield , 175 Or. App. 425, 427, 28 P.3d 1222 (2001). We also review for legal error LUBA's determination that the city permissibly imposed the condition requiring that petitioner sign waivers of remonstrance. ORS 197.850(9)(a).
We start with whether the hearings officer's decision was based on an erroneous understanding of the requirements of Nollan and Dolan . It was.
We assume, for the sake of argument, that the city's right-of-way design standards in PCC chapter 33.654 apply in the manner advocated by the city, although there are textual and contextual reasons to think otherwise. That is, we assume that the hearings officer was correct to conclude that the city, under its code, could deny petitioner's permit request based solely on the fact that SE 122nd Drive does not comply with the city's design standards for rights-of-way, irrespective of whether petitioner's proposal generates impacts that substantially impede the particular government interests advanced by the design standards. Even so, that does not equate to the conclusion that the city has made the showing required under Nollan and Dolan .
As noted, the first element of the Nollan / Dolan framework-the "nexus" element-requires the city to
demonstrate "(1) what interests would allow the city to deny plaintiff's partition, and (2) how the exaction would serve those interests." Brown , 251 Or. App. at 56, 283 P.3d 367. In this context, as we understand Nollan , a governmental interest is one that would permit the denial of a permit when it is a legitimate one-such as managing traffic congestion-and the project's impacts standing alone, or in combination with the impacts of other construction, "would substantially impede" that legitimate interest. Nollan , 483 U.S. at 835-36, 107 S.Ct. 3141 (assuming without deciding that the government had identified legitimate governmental interests that would allow it "to deny the Nollans their permit outright if their new house (alone, or by reason of the cumulative impact produced in conjunction with other construction) would substantially impede these purposes"). That means, necessarily, that, to determine whether a government has established an interest that would permit the denial of a permit, the government must demonstrate how the proposed project's impacts, either alone or in combination with *991 other construction, are ones that "substantially impede" the interest identified by the government. Said another way, the city cannot evade Nollan 's requirement that it demonstrate that the impacts of a particular proposal "substantially impede" a legitimate governmental interest so as to permit the denial of a permit outright, simply by defining approval criteria that do not take into account a proposal's impacts. See Koontz , 570 U.S. at 606-07, 133 S.Ct. 2586 (rejecting notion that a government can evade the requirements of Nollan and Dolan through artful phrasing).
Here, in determining that the city had demonstrated interests that would permit it to deny petitioner's permit, the hearings officer did not examine how the impacts of petitioner's proposal substantially impede the governmental interest or interests embodied in the city's right-of-way design standards. Instead, the hearings officer determined that the city had made the showing required by Nollan simply by demonstrating that its approval criteria allow it to deny a permit on the ground that an existing right-of-way does not meet design standards, without any consideration of whether and how petitioner's proposal will impede the particular governmental interest or interests advanced by those design standards. But, as explained, that assessment
is required under Nollan in order to determine whether a government has demonstrated a valid basis for denying a requested permit for purposes of determining whether an exaction of property is constitutional. Accordingly, the hearings officer legally erred in his application of the Nollan / Dolan framework and LUBA erred in concluding otherwise. We therefore reverse LUBA's order insofar as it sustains the condition requiring petitioner to dedicate a right-of-way along SE 122nd Drive and remand to LUBA with instructions to remand to the hearings officer for reconsideration.[1]
Turning to the second issue regarding the waivers of remonstrance, we also conclude that LUBA erred. As we understand LUBA's order, LUBA affirmed the city's requirement that petitioner sign waivers of remonstrance under its decision in Clark . LUBA explained:
"Where there is substantial evidence in the record to justify a city's finding that there is a need for a local improvement district [ (LID) ] and that petitioner's development will both contribute to the need for those improvements and be benefited by them, the city may require petitioner to sign a waiver of remonstrance for future street improvements. Clark v. City of Albany , 31 Or. LUBA 375, 380, aff'd , 144 Or. App. 192, 924 P.2d 877 (1996).
"We agree with the city that there is substantial evidence in the record to support the city's finding that petitioner's proposed development will both contribute to the need for an LID, and be benefited by an LID, if one is proposed. The city has provided substantial evidence that impacts to services and utilities associated with petitioner's proposed land division exist, with which the additional
right-of-way conditions of approval have a substantial nexus. With those dedication requirements, the width of the right-of-way required by the city will be adequate to accommodate expected future improvements and any users of those improvements. As the city points out, only if an LID is formed will the city perform its calculations as to the extent to which properties within the proposed LID will be benefited, and at that time petitioner may challenge the specific *992 findings. Until that time, petitioner has established no basis for relief."
The problem with that analysis, as petitioner correctly points out, is that the hearings officer did not make the findings required under Clark . That is, the hearings officer did not find that there is a need for a local improvement district and did not find that petitioner's project will both contribute to the need for a local improvement district and be benefited by one. Although LUBA may be correct that the record would contain substantial evidence to support those findings if the hearings officer had made them, that is not the analysis that the hearings officer undertook, and it is not readily apparent what findings the hearings officer would have made if he had applied the Clark analysis. Under those circumstances, we are unable to sustain LUBA's determination that, under Clark , the hearings officer properly upheld the condition requiring petitioner to sign waivers of remonstrance. We note, in addition, that LUBA's decision on this condition appears to have turned, in part, on its conclusion that the right-of-way dedication satisfied the Nollan / Dolan standard, a conclusion we have rejected. We therefore reverse and remand for LUBA to address, in the first instance, the parties' other arguments concerning the propriety of the condition.
Reversed and remanded.

Petitioner also argues that, in view of the city's determination that his land division will not affect the current transportation system in a way that requires mitigation, the hearings officer cannot permissibly find that the proposal will impact the governmental interests advanced by the city's right-of-way standards in a manner sufficient to allow the city to require the dedication of a right-of-way under Nollan and Dolan . We reject that argument. It is for the hearings officer in the first instance to determine the extent to which petitioner's proposal will impact the governmental interests that the city urges would permit a denial of petitioner's permit. Although the city's determination that the proposal will not have significant impacts on the existing transportation system may make it difficult for the city to demonstrate that petitioner's proposal will substantially impede the city's interests with respect to transportation, the city may be able to identify other interests that will be impeded by the impacts of the project to a degree that would permit the denial of the permit.